CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 25 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DEBRA A. LATCHUM, | ) | CASE NO. 4:10CV00050 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's February 28, 2008 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING, in part, the plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

In a decision issued on January 28, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since March 24, 2006, her alleged disability onset date, and that she remained insured through September 30, 2010. (R. 11.) The Law Judge determined plaintiff's depression and status post rotator cuff repairs were severe impairments. (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of

impairments which met or equaled a listed impairment. (R. 15.) The Law Judge opined that plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work. (R. 17.) Specifically, the Law Judge found that she was limited in reaching with both shoulders in that she could not constantly reach and that she could not reach overhead. (*Id.*) The Law Judge also found that plaintiff's mental limitations meant that she is moderately limited when it comes to completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*) Plaintiff was found moderately limited in her ability to maintain attention and concentration for extended periods and in her abilities to understand, remember, and carry out detailed instructions. (*Id.*) Even so, the Law Judge believed that she retained the RFC to meet the basic demands of competitive work on a sustained basis. (*Id.*) The Law Judge determined that this RFC precluded plaintiff from performing her past relevant work, but that other jobs exist in substantial numbers in the national economy that she could perform. (R. 20.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 21.)

Plaintiff appealed the Law Judge's January 28, 2010 decision to the Appeals Council. (R. 1-3.) Under cover of letter dated May 3, 2010, plaintiff submitted additional evidence from Guilford Pain Management, P.A., whose doctors and other professionals had treated her for the pain, which is at the core of her claim here. Without providing any rationale for rejecting this treating source evidence, the Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1-2.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge's RFC finding is not supported by substantial evidence. (Pl's Brief, pp. 15-17.) Specifically, she asserts that the Law Judge erred by rejecting the State agency record reviewing physician's opinion that she is limited in reaching in all directions with both shoulders. (Pl's Brief, p. 16.) Further, plaintiff asserts that the Law Judge further erred by failing to provide a reason for rejecting the physician's opinions. (Pl's Brief, p. 15.)

A thorough review of the record indicates to the undersigned that the Law Judge considered the State agency record reviewing physician's opinion that plaintiff is limited in her ability to reach overhead due to her shoulder impairments. In fact, he concluded that this opinion, in addition to opinions offered by other State agency record reviewing physicians, was entitled to "strong weight." (R. 19.) Contrary to plaintiff's argument, the Law Judge accounted for the physician's opinion that plaintiff is limited in her ability to reach overhead due to her shoulder impairments by finding that plaintiff could not constantly reach and could not reach overhead. (R. 17.)

The more problematic issue and the next ones raised by plaintiff relate to the evidence offered from Guilford Pain Management, P.A. ("Guilford") and Mark L. Phillips, M.D., the physician at that clinic who oversaw plaintiff's treatment for pain resulting from clearly demonstrated orthopedic impairments. Plaintiff first contends that the opinion of Dr. Phillips rendered prior to the Law Judge's decision that she was permanently and totally disabled should have been accorded "greater weight" on the basis that it is supported by clinical diagnostic techniques and other substantial evidence in the record at that time. (Pl's Brief, p. 17.) In addition, plaintiff contends that the evidence she has submitted both to the Appeals Council and on judicial review provides good cause to remand the case for further proceedings relating to the weight to be accorded this treating source evidence. The undersigned believes that lack of objective data for Dr. Phillip's views on plaintiff's disability was sufficient to sustain the Law Judge's decision to give the opinion less than controlling weight. However, the Appeals Council failed to provide any rationale for finding that the evidence offered to it provided no basis for changing the Law Judge's decision. When coupled with the evidence offered on judicial review, good cause exists to remand the case for further proceedings to assess the weight this treating source evidence should be given.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

4

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig*, 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

There can be no debate on this record that Guilford, along with its staff and physician, Dr. Phillips, was and continues to be a treating source. The June 16, 2009 Pain Questionnaire and Exertional Limitations Questionnaire offered by Dr. Phillips reflect his view that plaintiff was totally disabled. (R. 382-383.) However, at that time, the lack of objective medical data from Guilford and Phillips coupled with the other medical evidence in the record provided a basis for the Law Judge's decision not to give it controlling weight. Just on that portion of the record, the court would be hard pressed to conclude the law Judge's decision to give that evidence less than controlling weight is supported by substantial evidence. *See* 20 C.F.R. § 404.1527(e) (noting that mere opinions by medical sources that a plaintiff is "disabled" or "unable to work" are not given "special significance"); *see Sluss v. Astrue*, 2:10CV00047, 2011 WL 1356769, *5 (W.D.Va. April 10, 2011) (A claimant's disability status is an issue specifically reserved to the Commissioner).

Of course, that had a ripple effect on the Law Judge's determination of plaintiff's credibility. For instance, the record reveals that plaintiff began to see an improvement in her symptoms once she started taking Percocet. In November 2006, plaintiff's treating source for pain management noted that she was sleeping better, was functionally much better, and was able to be more active.

5

(R. 276.) The physician noted in December 2006 that, since taking Percocet, plaintiff's pain scores had improved, she was functionally better, and she was sleeping well. (R. 275.) In April 2007, the physician concluded that plaintiff was "pretty much stable" on Percocet. (R. 269.) Plaintiff was "fairly stable" in May and June 2007. (R. 267-268.) In December 2007, plaintiff reported that she was "quite satisfied" on Percocet. (R. 263.) Plaintiff reported in February 2008 that was happy with her pain control, and the physician described her pain control at that time as "stable." (R. 262.)

A two-step process for evaluating subjective complaints was developed in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. § 404.1529. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. § 404.1529(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 18.) At step two, the Law Judge found that her statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's finding that she could perform less than a full range of light work. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's credibility analysis is consistent with applicable decisional and regulatory authority.

The record reveals that the Law Judge thoroughly evaluated the evidence as it relates to plaintiff's subjective complaints and provided a lengthy rationale to support the credibility finding. For instance, the Law Judge found that the plaintiff described daily activities were not limited to the extent one would expect, given her complaints of suffering disabling limitations. (R. 18.) The record reveals that plaintiff is able to live alone. (R. 35.) In November 2006, plaintiff's pain management physician noted that she was more active and that she was able to cook, do laundry and some yard work. (R. 276.) The physician noted that she was doing her own self-care, cooking, laundry and housework in December 2006. (R. 275.) In January 2007, plaintiff reported she was able to do housework and self-care. (R. 274.) Plaintiff reported that she was swimming in July 2007. (R. 266.) In October 2007, plaintiff reported that she was taking care of herself, preparing meals, and doing housework. (R. 264.)

Opinions offered by State agency record reviewing physician David Williams, M.D. also provide support for the Law Judge's credibility finding. Specifically, Dr. Williams evaluated plaintiff's medical records and noted that the reason she did not return to work was because, at the

7

time she was released back to work, her employer did not have light duty work for her to perform. (R. 319.) The physician concluded that, based on his review of the entire record, plaintiff's statements were only "partially credible." (*Id.*) All of this evidence provides substantial support for the Law Judge's credibility finding.

Plaintiff asserts that, should the court not reverse the Commissioner's final decision, it should remand the case for further proceedings based on either or both the evidence presented to the Appeals Council or to this court on judicial review. (Pl's Brief, pp. 21-23.) "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the [Law Judge's] decision.'" *Wilkins v. Secretary of Health and Human Services*, 953 F.2d 93, 95-96 (4th Cir. 1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)); *Stevens v. Astrue*, No. 6:09-cv-41, 2011 WL 560927, at *5 (W.D.Va. February 8, 2011). Evidence is new if it is "not duplicative or cumulative," and material "if there is reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 96. Evidence is not "new" if other evidence specifically addresses the issue. *See id.* at 96. When a claimant presents new evidence to the Appeals Council, there is no requirement to show good cause for failing to present the evidence earlier in the process. *Id.* n.3.

The evidence plaintiff offered to the Appeals Council changes the complexion of the court's review. The new evidence consists of a medical assessment of plaintiff's physical capacity to perform work-related related activities provided by treating source Dr. Phillips. (R. 407-413.) The April 14, 2010 medical assessment reveals that plaintiff had been diagnosed with rotator cuff syndrome and carpal tunnel which limited her abilities in the following functions: reaching

8

(including overhead); handling (gross manipulation); fingering (fine manipulation); feeling; and pushing/pulling. (R. 411.) Dr. Phillips opined that plaintiff could rarely or never reach with her right hand/arm and left hand/arm. (R. 407.) He further opined that she could rarely or never handle with her right or left hand and could only occasionally finger with her right or left hand. (*Id.*) The maximum amount of time that plaintiff could sit continuously before alternating postures by standing or walking was greater than three hours. (R. 408.) Plaintiff could sit for a total of greater than six hours during an eight-hour workday. (*Id.*) Dr. Philllips believed plaintiff needed breaks for ninety minutes after taking her medication to help with pain, fatigue and sleepiness caused by her medications. (R. 409.) Plaintiff also required the opportunity to rest lying down or reclining for a total of four hours in an eight-hour workday. (*Id.*) Dr. Phillips concluded that plaintiff was limited to lifting/carrying only two pounds of weight. (R. 410.) The physician further concluded that she would need to avoid all exposure to extreme cold; humidity; fumes, odors, dusts, gases and poor ventilation; and hazards (heavy machinery). (R. 412.) He believed that plaintiff would be absent from work more than three times a month due to her impairments or treatment, and that all her limitations related back to January 18, 2007. (R. 413.) There is no doubt in the undersigned's mind that Dr. Phillips' assessments and conclusions drawn from his longitudinal treatment of the plaintiff were critical at the time presented to the Appeals Council and remain critical to assessing whether plaintiff is disabled from all work on a sustained basis. That they are from a treating source required the Appeals Council to provide a rationale for not giving them great, if not controlling, weight.

Instead, the Appeals Council gave no insight to a reviewing court as to why the evidence submitted to it from Guilford and Dr. Phillips provided it with no reason to review the Law Judge's

decision and no basis for changing the Law Judge's decision. In making this observation, the undersigned is aware that there is some disagreement among some of the decisional authorities in this District as to whether the Appeals Council must provide detailed reasons for denying review. *See Boggs v. Astrue*, No. 5:07CV10, 2008 WL 467386, *10 (N.D.W.Va. February 19, 2008) (the Appeals Council is not required to explain its determination); *Davis v. Barnhart*, 392 F. Supp.2d 747, 751 (W.D.Va. 2005) (the Appeals Council was not obligated to provide reasons); *Riley v. Apfel*, 88 F.Supp.2d 572, 580 (W.D.Va. 2000) (the Appeals Council must provide more than a "scant discussion" of the evidence); *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D.Va. 1999) (the Appeals Council is not required to state its rationale for denying review); *Alexander v. Apfel*, 14 F. Supp.2d 839, 843 (W.D.Va. 1998) (finding the Appeals Council must provide reasoning for its determination). Even so, recently, in *Cummings v. Astrue*, Civil Action No. 7:10-CV-00461, the Honorable James C. Turk, Senior United States District Judge, adopted a report and recommendation of the undersigned remanding that case where the Appeals Council's summary denial of review was seen as tantamount to giving no weight to treating source evidence without discharging its regulatory duty to explain why the treating source evidence was not controlling. 20 C.F.R. § 404.1527(d)(2).

The undersigned believes that the evidence from Guilford and Dr. Phillips was both new and material when presented to the Appeals Council because it provided objective as well as informed opinion evidence demonstrating that plaintiff was disabled. Whether controlling weight is to be accorded that evidence is another matter, but that decision should be made by the Commissioner on a record which can be more properly reviewed by the court. Good cause has been shown to remand the case for further proceedings.

The new evidence plaintiff has submitted on judicial review serves only to confirm the materiality of the treating source evidence initially offered on administrative appeal. While it might not have been enough to require remand under Sentence Six of 42 U.S.C. § 405(g), it demonstrates the longitudinal relationship of the treating source with the claimant. Plaintiff should be given an opportunity to present that evidence for consideration by the Commissioner upon remand.[1]

For all these reasons, the undersigned will RECOMMEND that an Order enter GRANTING, in part, the plaintiff's motion for summary judgment, and REMANDING this case to the Commissioner under Sentence Four of 42 U.S.C. §405(g) for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual

---

[1] Plaintiff argues that the evidence offered on judicial review satisfies the requirements for a Sentence Six remand as set forth in *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). (Pl's Brief, pp. 21-23.) "*Borders* requires that the newly discovered evidence (1) must relate back to the time the application was first filed, and be new (not merely cumulative); (2) must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the Plaintiff's failure to submit the evidence when the claim was before the Commissioner; and (4) Plaintiff must present to the court at least a general showing of the nature of the new evidence." *Jones v. Astrue*, No. 4:07CV00049, 2008 WL 2991408, *4 (W.D.Va. August 1, 2008) (citing *Borders*, 777 F.2d at 955). The burden of showing that all of the Sentence Six requirements have been met rests with the claimant. *Overcash v. Astrue*, No. 5:07CV-123-RLV, 2011 WL 815789, *3 (W.D.N.C. February 28, 2011). The undersigned has elected to make not dispositive finding on this issue since the case should be remanded on other grounds. However, the Commissioner should be on notice of the court's intention that he consider all relevant evidence once the case is remanded for further proceedings.

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Date: July 25, 2011